UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS JEFFREY ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:07-CV-1938-G |
| COMMSCOPE, INC. OF NORTH | ) | |
| CAROLINA f/k/a COMMSCOPE | ) | **ECF** |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of Thomas Jeffrey Ellis ("Ellis" or "the plaintiff") for leave to amend his original complaint to add CommScope, Inc. ("CommScope") as a defendant. For the reasons set forth below, the motion for leave to amend is granted.

### I. BACKGROUND

The plaintiff is a components engineer who began work with CommScope, Inc. of North Carolina ("the defendant") in May of 2003. Plaintiff's First Amended Complaint ("Complaint") ¶ 9. Sometime in October of 2006, Ellis discovered that the defendant had been misrepresenting the performance capabilities of its product.

*Id.* ¶ 12. The company's database revealed the product had a greater number of defects than the defendant had led its shareholders and the public to believe. *Id.* Upon making this discovery, Ellis contacted the defendant's Human Resource Manager, who launched an internal investigation. *Id.* ¶¶ 13-14. As part of the investigation, the defendant's attorney held a meeting with several officials, including Vice President Luc Adriaenssens. During this meeting, Adriaenssens admitted that only ninety percent of the defendant's products met the advertised standards. *Id.* ¶¶ 15-16. After the meeting, the Human Resource Manager e-mailed Ellis a copy of the minutes from the meeting for approval. Ellis responded that the minutes looked accurate. One hour later, he was fired. *Id.* ¶¶ 17-18.

The plaintiff brought this suit against the defendant for terminating him in violation of 18 U.S.C. § 1514A ("§ 1514A"), the whistleblower provision of the Sarbanes-Oxley Act. On April 2, 2008, this court issued a scheduling order that required, *inter alia*, all motions for leave to amend to be filed by July 2, 2008. On that day, the plaintiff filed this motion for leave to amend his original complaint. The purpose of the amendment is to add CommScope as a defendant. Ellis argues that CommScope should be an additional defendant based on at least one of the following alternative theories: (1) the defendant was acting as an agent for CommScope; (2) Ellis was actually an employee of CommScope, or at least a joint employee of the defendant and CommScope; (3) CommScope exercised enough

control over the defendant to make it CommScope's alter ego; (4) the corporate veil of CommScope doing business under the defendant's name should be pierced; or (5) CommScope is a necessary party because it is the publicly traded parent corporation of the defendant.  Plaintiff's First Motion for Leave to Amend and File First Amended Complaint and Brief in Support ("Motion for Leave to Amend") at 5-8.  The defendant opposes this motion on two grounds:  (1) that allowing the amendment would be futile, and (2) that the amendment is not timely.

## II.  ANALYSIS

### A.  Rule 20(a) Standard to Add a Defendant

The general standard on whether a plaintiff may add a defendant comes from Federal Rule of Civil Procedure 20(a).  This rule states that a plaintiff may join in any civil action all persons against whom he has a claim if there is any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences and if there is any question of law or fact common to all defendants.  FED. R. CIV. P. 20(a).  The parties agree that this standard is met here.  However, when a plaintiff fails to join all parties under Rule 20(a) in his first complaint (or in his complaint as amended by right), leave of the court must be obtained to join such additional persons.  FED. R. CIV. P. 15(a); see also *Wheat v. Mass*, 994 F.2d 273, 277 (5th Cir. 1993) (affirming the district court's decision denying leave to join additional

defendants). It is here that the parties disagree. The defendant argues that the court should deny leave to amend under Rule 15(a).

### B. Rule 15(a) Standard to Amend an Original Complaint

Federal Rule of Civil Procedure 15(a) provides that "a party may amend [the party's] pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a); see also *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[L]eave to amend 'shall be freely given when justice so requires.'"). Whether a motion to amend should be granted is within the discretion of the district court. *Id.* at 182. When exercising its discretion, the court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc . . . ." *Overseas Inns S.A.P.A. v. United States*, 911 F.2d 1146, 1150-51 (5th Cir. 1990) (quoting *Foman*, 371 U.S. at 182). The Fifth Circuit, however, has stated that "'discretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom" to deny leave to amend. *Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d 594, 597 (5th Cir. 1981). Rule 15(a) "evinces a bias in favor of granting leave to amend." *Id.* Thus, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 598.

## C. The Defendant's Rule 12(b)(6) Arguments

In its attempt to demonstrate that a substantial reason to deny leave to amend exists in this case, the defendant offers two arguments. The first is that the proposed amended complaint is futile because it will fail to state a claim upon which relief can be granted. Defendant's Response in Opposition to Plaintiff's First Motion for Leave to Amend and File First Amended Complaint and Brief in Support ("Response") at 1-3. The Fifth Circuit has stated that "While this court has not specifically defined 'futility' in [the Rule 15(a) ] context, we join our sister circuits that have interpreted it to mean that the amended complaint would fail to state a claim upon which relief can be granted." *Stripling v. Jordan Production Company*, 234 F.3d 863, 873 (5th Cir. 2000). Thus, if the defendant can show that the proposed amended complaint would be subject to dismissal under F.R. CIV. P. 12(b)(6) for failure to state a claim on which relief could be granted, the motion for leave to amend should be denied as futile. *Id.*

### 1. *The Rule 12(b)(6) Standard*

"To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1974 (2007)), *cert. denied*, __ U.S. __, 128 S.Ct. 1230 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 127 S.Ct. at 1965). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted) (quoting *Martin K. Eby Construction Company v. Dallas Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004)).

### 2. *The Defendant's Rule 12(b)(6) Argument as to Scienter*

The defendant alleges that Ellis's proposed amended complaint fails to state a claim upon which relief can be granted for two reasons. The first is that Ellis has not properly pled scienter, an essential element of his claim under § 1514A, the whistleblower provision of Sarbanes-Oxley. Response at 1-2, citing *Allen v. Administrative Review Board, United States DOL*, 514 F.3d 468, 479-80 (5th Cir. 2008). The elements of a § 1514A claim are "(1) [the employee] engaged in protected activity; (2) the employer knew that []he engaged in the protected activity; (3) []he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action." *Allen*, 514 F.3d at 475-76. For a

plaintiff's activity to be protected activity within the meaning of the first element, the conduct he reports must be the type of conduct Sarbanes-Oxley forbids. More specifically, the "employee's complaint must 'definitively and specifically relate' to one of the six enumerated categories found in § 1514A." *Id.* at 476 (quoting 18 U.S.C. §1514A). The conduct Ellis reported falls into the sixth category, which deals with fraud against shareholders. *Id.* A category six violation requires proof of scienter. *Allen*, 514 F.3d at 479-80. Thus, for an employee who reports category six behavior to be protected by § 1514A , "the employee must reasonably believe that his or her employer acted with a mental state embracing intent to deceive, manipulate, or defraud its shareholders." *Id.* at 480.

The defendant argues that Ellis's proposed amended complaint fails to properly plead scienter because it does not allege any facts constituting intentional deceit. Response at 2. The defendant complains that the only reference Ellis makes to scienter is this sentence: "Ellis reasonably believed that the false performance claims were made with the intent to deceive Defendants' shareholders and the public." *Id.* The defendant claims this sentence baldly asserts the existence of scienter without alleging any facts to support it. This type of naked pleading, it argues, fails to meet *Twombly*'s heightened pleading standards which require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S.Ct. at 1964-65 (2007).

plaintiff's activity to be protected activity within the meaning of the first element, the conduct he reports must be the type of conduct Sarbanes-Oxley forbids. More specifically, the "employee's complaint must 'definitively and specifically relate' to one of the six enumerated categories found in § 1514A." *Id.* at 476 (quoting 18 U.S.C. §1514A). The conduct Ellis reported falls into the sixth category, which deals with fraud against shareholders. *Id.* A category six violation requires proof of scienter. *Allen*, 514 F.3d at 479-80. Thus, for an employee who reports category six behavior to be protected by § 1514A , "the employee must reasonably believe that his or her employer acted with a mental state embracing intent to deceive, manipulate, or defraud its shareholders." *Id.* at 480.

The defendant argues that Ellis's proposed amended complaint fails to properly plead scienter because it does not allege any facts constituting intentional deceit. Response at 2. The defendant complains that the only reference Ellis makes to scienter is this sentence: "Ellis reasonably believed that the false performance claims were made with the intent to deceive Defendants' shareholders and the public." *Id.* The defendant claims this sentence baldly asserts the existence of scienter without alleging any facts to support it. This type of naked pleading, it argues, fails to meet *Twombly*'s heightened pleading standards which require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S.Ct. at 1964-65 (2007).

This argument is flawed. At this stage of the case, Ellis is *not* required to show that CommScope acted with scienter. Response at 3. Instead, he merely needs to plead facts showing he had a reasonable *belief* that CommScope acted with scienter. *Allen*, 514 F.3d at 480 (stating that "the employee must reasonably believe that his or her employer acted with a mental state embracing intent to deceive, manipulate, or defraud the shareholders"). The proposed amended complaint asserts facts that support a reasonable belief that the defendant was acting with intent to deceive or defraud the shareholders. First, Ellis pleads that he discovered hard evidence that the defendant was misrepresenting the quality of its products. It was not until after Ellis "blew the whistle" on this conduct that the vice president of the company finally confessed to the deceit. Plaintiff's Reply at 2. Furthermore, almost immediately after the defendant's falsehoods came to light, Ellis -- who was responsible for the exposure -- was fired. *Id.* While these facts are hardly definitive proof of scienter, the court must, in the context of Rule 12(b)(6), view them in the light most favorable to the plaintiff. When viewed in this way, these facts are more than a mere "formulaic recitation of the elements of a cause of action." *Twombly*, 127 S.Ct. at 1964-65. At the least, these facts support a reasonable belief that there was such a scheme, which is all that is necessary. At the Rule 12(b)(6) stage, all Ellis must do is demonstrate beyond a merely speculative level that he held a reasonable belief the defendant acted

with scienter. *Katrina Canal*, 495 F.3d at 205; *Allen*, 514 F.3d at 480. He has done so.

### 3. *The Defendant's Rule 12(b)(6) Argument That CommScope Did Not Employ Ellis*

The defendant's next argument is that CommScope never employed Ellis and was thus not involved in firing him. It argues that CommScope never handled "day-to-day business operations, and, thus, could not have been involved in the management or employment relations" of the defendant. Response at 4. Any argument to the contrary, it asserts, is merely conclusory and does not meet the Rule 12(b)(6) standard. *Id.*

In response, Ellis points out that the defendant's own attorney identified Richard Mei, Dan Bertoncini, Luc Adriaenssens, and Randall Crenshaw as the persons who decided to terminated Ellis. All these individuals are identified in the sworn affidavits of Richard Mei and Luc Adriaenssens as employees of CommScope, not the defendant. Plaintiff's Reply at 5. Moreover, there is an Employee Confidentiality Agreement between Ellis and CommScope. *See* Exhibit A to Plaintiff's Motion to Amend. There is no such agreement between Ellis and the defendant.

At this juncture, the court must view the facts in the light most favorable to the plaintiff. *Katrina Canal*, 495 F.3d at 205. Moreover, Ellis only needs to prove his right to relief beyond a merely speculative level. *Id.* (citing *Twombly*, 127 S.Ct. at

1965). The facts pled here, which the court must take as true, show that CommScope officials terminated Ellis, and that there is an employment agreement between the two. These facts give rise to more than mere speculation that CommScope employed Ellis.

C. The Defendant's Timeliness Argument

The defendant's final argument is that Ellis did not file suit against CommScope within the amount of time allowed by § 1514A(b)(1)(B). Response at 3-4. This section provides that a person alleging a violation of § 1514A(a) may seek relief by either filing a complaint with the Secretary of Labor, or, if the Secretary does not issue a final decision within 180 days of filing the complaint, by bringing an action for *de novo* review in a federal district court. 18 U.S.C. §1514A(b). If the complainant intends to remove to federal court, he must first file notice of his intent to do so with the administrative law judge or the Board. 29 C.F.R. § 1980.114(b). The complainant must provide this notice fifteen days before filing a complaint in federal court. *Id.*

Ellis complied with all these requirements. He filed his initial complaint under § 1514A with the U.S. Department of Labor on March 6, 2007. Plaintiff's Original Complaint ¶ 16. The Secretary of the Department of Labor did not issue a final decision within 180 days. *Id.* ¶ 19. On November 2, 2007, Ellis provided his 15-day notice to the Secretary that he intended to remove to federal court. *Id.* Instead of

removing the complaint against CommScope, however, Ellis first filed a new cause of action against the defendant in federal court.  That complaint was filed on November 17, 2007.  Ellis now wishes to add CommScope.

The defendant asserts that if Ellis wanted to sue CommScope in federal court, he had to do so "promptly after the expiration of the 15-day notice period." Response at 4.  According to the defendant, the delay between November 2, 2007 (when Ellis provided his 15-day notice) and July 2, 2008 (when he filed his motion for leave to amend his complaint) means that the suit against CommScope is not "prompt" and therefore untimely.  Section 1514A(b)(1)(B), however, does not require the complainant to file his claim in federal court "promptly" after giving notice to the administrative law judge or the Board.\* The only time constraint on Ellis's suit against CommScope is the relevant statute of limitations.  Under the Sarbanes-Oxley Act of 2002, fraud claims may be brought no later than the earlier of (1) two years after the discovery of the facts constituting the claim; or (2) five years

---

\*       18 U.S.C. 1514A(b) provides:  "A person who alleges discharge or other discrimination by any person in violation of subsection (a) may seek relief under subsection (c) by -- (A) filing a complaint with the Secretary of Labor; or (B) if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy."
         There is no requirement or even reference as to when the complainant must file his complaint in the district court after giving his fifteen day notice to the Board or administrative law judge.

after such violation. 28 U.S.C. § 1658(b)(1)&(2). Ellis discovered the facts constituting the alleged violation in October of 2006. Original Complaint ¶¶ 7-9. Ellis filed his motion for leave to amend in order to add CommScope on July 2, 2008. His claims against CommScope are therefore timely.

### III. CONCLUSION

For the reasons stated above, the plaintiff's motion for leave to file an amended complaint is **GRANTED**.

**SO ORDERED**.

September 11, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**